UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRENT JOSEPH DAIGLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00538-JPH-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Motion to Alter or Amend the Judgment**

Petitioner Brent Daigle pled guilty to several charges involving sexual exploitation of a minor and was sentenced to 840 months imprisonment. *See* Dkt. 3. He filed the present action pursuant to 28 U.S.C. § 2241 contending his underlying criminal judgment was void, and he requested a "cease and desist order / injunction." *Id.* Mr. Daigle's petition was denied because he had not shown that 28 U.S.C. § 2255 was inadequate such that relief under § 2241 would be available to him. Dkt. 3; *see also Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) ("A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'") (citing 28 U.S.C. § 2255(e)).

Mr. Daigle has filed an "Objection to final judgment breach of a legal duty contrary to the requirements of the law false return" and an "affidavit of truth." *See* Dkts. 9 and 10. These filings are construed together as a motion to alter or amend the judgment under Rule 59(e). *See* Fed. R. Civ. P. 59(e); *see also Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 604 (7th Cir. 2022) ("It matters not for purposes of our analysis [of what plaintiff] labeled his initial motion . . . all substantive motions filed within the time period described by Rule 59(e) fall under that Rule regardless of the lingo associated with the post-judgment motion.").

1

Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois*, 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Mr. Daigle has not demonstrated a manifest error of law or fact or presented any newly discovered evidence. He presents the same arguments as he did in his petition—the underlying Court lacked jurisdiction and his criminal judgment is void. Such grounds are not a sufficient basis for relief under Rule 59. *Metropolitan Life Ins. Co.,* 224 F.3d at 606.

Accordingly, Mr. Daigle's motion to alter or amend the judgment, dkt. [9], is **denied**.

**SO ORDERED.**

Date: 1/6/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRENT JOSEPH DAIGLE
15800-059
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808